## THE WAYNE AND ONTARIO COLLEGIATE INSTITUTE *vs.* GREENWOOD.

A subscription paper for the erection of an institution of learning provided that the moneys subscribed should be paid to the treasurer of a board of trustees which might be elected by the Wayne County Baptist Association, at a convention then called to meet at Marion on the 30th of May. *Held* that the obligation of a subscriber did not become inoperative by the omission of the convention to choose trustees at the place and on the precise day mentioned; but that an election of trustees by the convention, not at that time or place, but on a subsequent day to which the convention had been adjourned after meeting at Marion, on the day named, was a substantial compliance with the stipulation of the subscription.

THIS action was brought to recover the amount due upon a subscription made for the purpose of erecting an academy. It was brought upon the same subscription paper set forth in *The Wayne and Ontario Collegiate Institute* v. *Smith,* (36 *Barb.* 576,) or one in the same form. The defendant, by his answer, denied the allegations of the complaint, and averred that the subscription was without consideration, and therefore void; that the persons named in the complaint were not elected trustees by the baptist convention at Marion,

or elsewhere ; that they were not elected with the approbation of the defendant ; that the payments made by the defendant, on the subscription, were induced by the false and fraudulent representations of persons acting in behalf of the plaintiff, by which he was deceived, &c. On the trial, the same facts, substantially, appearing in the case above mentioned were proved or admitted. When the plaintiff rested, the defendant moved for a nonsuit, upon various grounds. Whereupon the plaintiffs' counsel offered to show that the meeting of the Wayne County Baptist Association, called to meet at Marion on the 30th of May, 1855, named in the subscription, did not elect trustees, but met that day and adjourned from Marion to meet at Palmyra on the 16th of June, 1855, at which day they met at Palmyra, and adjourned to meet at Macedon on the 30th of June, 1855 ; that they met at the latter place on the day last mentioned, and chose the board of trustees of the plaintiff, who were incorporated as the first board of trustees, by the regents of the university, and acted as such trustees from that time, and were those named in the charter. The judge stated that for the purposes of this trial he should assume the facts to be true, as stated in the plaintiff's offer, but still the defendant would not be liable, under the terms of the subscription put in evidence. He accordingly directed a judgment of nonsuit to be entered, and the plaintiff excepted, and appealed to the general term.

*S. K. Williams,* for the appellant.

*T. R. Strong,* for the respondent.

*By the Court,* WELLES, J. The principal questions involved in this case, it seems to me, have been decided already in the case of *this plaintiff* v. *Smith,* (36 *Barb.* 577.) That was an action to recover the amount of several calls upon the amount subcribed on the same or a similar subscription paper as that upon which the defendant in this action

subscribed, and on which he is claimed to be liable in this action. There is one question, however, now raised and argued in the present case, which does not appear to have been considered by the court in the case against *Smith,* although the facts out of which it arises are common to both cases.

The subscription paper which bears date May 23, 1855, provides that the moneys subscribed "shall be paid to the treasurer of a board of trustees which may be elected by the Wayne County Baptist Association at a convention then called to meet at Marion on Wednesday the 30th day of the then present month," &c.

The case shows that the convention met at the time and place stated but did not then and there choose such trustees, but adjourned to meet at Palmyra on the 16th day of June following. That said convention met at Palmyra on the last mentioned day, pursuant to said adjournment, but no choice of trustees was then made. That the same convention adjourned from Palmyra to meet at Macedon on the 30th of the same month of June. That they met on that day at Macedon, pursuant to the last mentioned adjournment, and then and there chose a board of trustees, who were the same persons afterwards incorporated by the regents of the university, and who are the same persons named in the charter as the first board of trustees of the plaintiff, and acted as such trustees from that time. It is now objected on the part of the defendant, that the trustees, to whose treasurer the payment was to be made, as contemplated by the subscription paper, were those to be chosen by the convention appointed to meet at Marion on the 30th of July. And that as no trustees were then and there chosen, the obligation of the defendant became inoperative and at an end, and no longer binding upon him. To this, however, I cannot assent. In the first place, the contract was in fact between the defendant and the board of trustees thereafter to be created, who were to be elected by the Wayne County Baptist Association at a convention then called to meet at Marion. The conven-

tion met at Marion on the day designated in the subscription paper. The same convention elected the trustees—not at that time or place, but at another place, on a subsequent day to which the convention which met at Macedon had been adjourned. This, in my opinion, was a substantial compliance in that respect with the stipulation of the subscription, which had reference to a body of men called to meet at a given time and place. The particular day and place when and where the election of trustees should take place was not the material thing, provided it was done by the body agreed upon. The view of the defendant's counsel would exclude the power of the convention to proceed to the election of trustees on any day after the 30th of June, even though the adjournment was from Saturday until Monday. This strictness of construction, I think, should not prevail.

I believe the other questions now raised were disposed of in the case referred to, against the defendant. It follows that the judgment should be reversed, the nonsuit be set aside, and a new trial ordered.

Ordered accordingly.

